UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL DALE WILLIAMS,

    Petitioner,

 v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. 3:21-cv-05542-RSM-BAT

**REPORT AND RECOMMENDATION**

  Before the Court is a request for federal habeas relief under 28 U.S.C. § 2241. Dkts. 1, 8. Because the habeas petition is unclear, the Court ordered Petitioner on September 16, 2021 to file a single amended habeas petition so the Court could better understand the state judgment Petitioner challenges and his specific grounds for relief. Dkt. 9. Petitioner was directed to file the amended habeas petition no later than October 6, 2021 and was advised the failure to do so may result in a dismissal of this matter. *Id.* Plaintiff has not filed an amended habeas petition, or any other pleading and the matter is thus ripe for review.

  Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to

REPORT AND RECOMMENDATION - 1

habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.). Having reviewed the petition submitted in this case and taking judicial notice of other actions Petitioner has filed in this Court, the Court recommends this matter be dismissed on the grounds the federal petition was filed outside the one-year statute of limitations and is time-barred, and because Petitioner has not presented his habeas claims to the highest state court, and the matter is thus unexhausted.

Although Petitioner proceeds pro se, leave to amend should not be granted because amendment would be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *FDIC v. Conner,* 20 F.3d 1376, 1385 (5th Cir. 1994); *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992) (Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal).

### BACKGROUND

On July 28, 2021, Petitioner filed a petition for writ of habeas corpus using a form 28 U.S.C § 2241 petition and without paying the filing fee or applying to proceed *in forma pauperis* (IFP). Dkt. 1. On September 13, 2021, Petitioner submitted an application to proceed IFP; the Court granted the application, and the petition was docketed. Dkts. 7-8. On September 16, 2021, the Court ordered Petitioner to file an amended habeas petition by October 6, 2021, to clarify the judgment Petitioner challenges and the exact nature of his claims. Dkt. 9.

In the order directing Petitioner to file an amended petition, the Court noted the present action is brought under § 2241, which is not the proper vehicle to challenge a state conviction and sentence. A challenge to a state conviction and sentence should be brought under § 2254. To help the Court understand what criminal convictions and sentences were at issue, the Court

REPORT AND RECOMMENDATION - 2

directed Petitioner to clarify the specific convictions that he was challenging. The Court issued this order because the § 2241 petition listed Pierce County case numbers 14-1-01441-6 described as "Escape 2d degree Community Custody Violation Escape, and 14-1-00226-4 described as "Attempted to unlawfully possess controlled substance." From the face of the habeas petition, it was unclear whether these are the convictions that Petitioner challenges or whether he was also challenging Plaintiff's four other criminal convictions between 2001 and 2017 that are noted in the petition.

The Court also requested Petitioner to set forth the grounds for relief with sufficient detail so the Court could understand the nature of the claim and the basis for the claim.  The habeas petition mentioned a "DOSA" sentence and avers "past release date." The habeas petition indicates a wrongfully served sentence, "calculation wrong," and due process is violated because a timely release has not been granted. The Court directed. Petitioner to provide more facts detailing the allegations and the federal constitutional violation that Petitioner was alleging.

The habeas petition also alleges relief should be granted under "Blake – vs ST. Ruling." The Court indicated to Petitioner that it assumes Petitioner is referring to *State v. Blake,* 197 Wn.2d 170 (2021) which held Washington State's strict liability drug possession statute criminalizes unintentional and unknowing possession of controlled substances and is unconstitutional. The petition avers the attempted possession of controlled substances and escape convictions are "related."  However, as the petition provided no facts regarding how or why the two convictions are related, the Court directed Petitioner to present facts in support in his amended habeas petition.

Because Petitioner has not filed an amended petition that clarifies his habeas claims, the Court takes judicial notice Petitioner has filed other actions in this Court that upon examination

REPORT AND RECOMMENDATION - 3

help flesh out his habeas claims. On July 28, 2021, Petitioner submitted a proposed § 1983 civil rights complaint in *Williams v. Stock*, 3:21-cv-05538-JLR-DWC. The complaint refers to the <u>same</u> criminal convictions challenged in the present habeas action: 14-1-01441-6 and 14-1-00226-4. *See* case number 21-5538-JLR, Dkt. 1 at 4-5. The civil rights complaint alleges Petitioner received a DOSA sentence and is unlawfully imprisoned under numbers 14-1-01441-6, and 14-1-00226-4. The latter cause was dismissed under *State v Blake,* and Petitioner contends that he is now past his release date, and wrongfully sentenced. The complaint contends that between 2017 and the present, Petitioner has filed motions in the trial court under Criminal Rule 7.8 requesting the trial court correct his sentence and resentence him. Because no relief has been granted, the complaint names the following trial-level defendants: Kevin Stock, Pierce County Prosecuting Attorney filing clerk; Superior Court Judge McCartheney; and defense counsel Mary Martin.

From the allegations raised in the civil rights complaint that Petitioner filed in *Williams v. Stock*, 3:21-cv-05538-JLR-DWC*,* it appears the gist of Petitioner's present request for habeas relief in this case is the state trial court erred in imposing sentence in the above 2014 case numbers and this court should direct the trial court to resentence or release Petitioner.

## DISCUSSION

The factual allegations in the present habeas petition and in Plaintiff's civil rights complaint indicate there are several barriers preventing the Court from addressing the merits of his habeas claims.  First, § 2241 habeas relief, is unavailable in this case. Petitioner is a state prisoner, and 28 U.S.C. § 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention, even when the petition only challenges the execution of the sentence and not the underlying conviction itself. *White v. Lambert*, 370 F.3d 1002, 1005 (9th

Cir. 2004) (adopting the majority view that distinguishes between a *federal* prisoner's ability to resort to § 2241 to attack the execution of a sentence and the structural differences in the habeas statutes that make a state prisoner's resort to § 2241 improper to challenge the execution of a state sentence). Here, Petitioner contends the trial court erred at sentencing. This is a direct challenge to his judgment and sentence and thus his request for habeas relief must be brought under § 2254.

Second, construing the petition as one brought under § 2254, Petitioner may pursue federal habeas under 28 U.S.C. § 2254 relief only after he has exhausted state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that recognizes state courts must be afforded the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Thus, Petitioner must first fully and fairly present the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. The habeas petition indicates Petitioner has send letters to the Pierce County Superior Court and the Department of Corrections requesting a correction of his sentence. The petition thus affirmatively avers Petitioner has not presented his habeas claims to the state court of appeals

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in custody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENDATION - 5

and state supreme court.  The claims contained in his federal petition are consequently unexhausted.

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."). Petitioner avers he has only presented his grounds for relief to the state trial court; his federal petition is unexhausted and should be dismissed. In short, the Court is without jurisdiction to consider federal habeas claims that have not been exhausted in the state courts. *See* 28 U.S.C. § 2254(b)(1).

And third, Petitioner's request for federal habeas relief appears to be time barred. Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the

REPORT AND RECOMMENDATION - 6

judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 565 U.S. 134 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the state supreme court, the direct review process concludes upon expiration of time for seeking review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, at 150.

In Washington State, a criminal defendant must file a notice of appeal within 30 days after entry of the decision which the defendant wants reviewed. *See* Rule of Appellate Procedure 5.2.  Petitioner seeks federal habeas relief from state criminal judgments with case numbers starting with 14, indicating the judgments relate to criminal charges filed in 2014. There is no indication Petitioner has filed a direct appeal of the sentences he contests or challenged the sentences through a personal restraint petition.  Petitioner in his complaint filed in *Williams v. Stock*, 21-5538-JLR indicates he has challenged the sentences by sending letters to the state trial court in 2017, 2019 and 2021. The gaps between the original sentence in 2014 or 2015 and the first letter to the trial court indicates a lapse of two years. The federal habeas statute of limitations would thus have run during that time and expired even before 2017 when Petitioner first sent letters to the state trial courts. Additionally, there are two-year gaps between Petitioner's letters to the trial court in 2017, 2019 and 2021. The federal habeas statute of limitations would have run and expired during the two-year gaps between each of those time periods, which further bolster the conclusion the present habeas petition is barred by the statute of limitations, untimely and should be dismissed.

In sum, because it appears Petitioner has never presented the present habeas claims to the highest state court, and also filed the petition outside of the statute of limitations, the Court recommends the petition be dismissed with prejudice.

REPORT AND RECOMMENDATION - 7

# CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a COA from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds no reasonable jurist would disagree this habeas petition is unexhausted and untimely. The Court should therefore not issue a COA. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

# OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 27, 2021**. The Clerk should note the matter for **November 5, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 13th day of October 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8